GARCÍA, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Designation of Heirs.

No. 402.—Decided July 10, 1919.

RECORD OF TITLE—CONJUGAL PARTNERSHIP—HEIRS—HEREDITARY RIGHTS.—The father or the mother having died, the ganancial property may be recorded directly in the names of the heirs without violating the provisions of article 20 of the Mortgage Law. The General Directorate of Registries of Spain goes too far in its decision of January 26, 1906, in which it holds that "in order to record a simple hereditary right it is sufficient to present the will or the order of designation of heirs . . . where the ancestor may have died single or a widower." The rule has been applied also to cases where the ancestor died while married and there is no good reason for changing it.

ID.—ID.—ID.—LIQUIDATION.—Although the best practice is to liquidate the conjugal partnership as soon as possible after its dissolution, it cannot be maintained that such liquidation is an indispensable requisite for recording *pro indiviso* in the names of the surviving spouse and the children the ganancial property previously recorded in the name of the deceased spouse, and to do this it is sufficient to present in the registry the will accompanied by a certificate of the death of the testator, or the designation of heirs.

The facts are stated in the opinion.

*Mr. R. Cintrón Lastra* for the appellant.

The respondent appeared by brief *pro se*.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On October 25, 1918, the District Court of Guayama designated as the sole and universal heirs of Federico Ortiz y Ortiz, deceased, his legitimate children José Federico, José Elías, Santiago, Felícita, Gloria and María Oliva Ortiz y García, and his widow, Amalia Matilde García, in her usufructuary right under the law. The heirs presented in the registry of property of that district a certified copy of the order of the court and the registrar refused to record the document "because although according to the registry the properties are recorded in the name of Federico Ortiz y Ortiz as acquired while married to Amalia García, to whom he was still married at the time of his death, strictly speaking, the said properties are recorded in the name of the conjugal partnership; therefore until the partnership is liquidated it cannot be considered that the properties belong

to his estate, nor, consequently, can they be recorded in the names of the heirs of Federico Ortiz y Ortiz because they are not recorded in his name.'' In support of his decision the registrar cites article 20 of the Mortgage Law, sections 1316, 1322, 1330 and 1337 of the Civil Code and the decision of the General Directorate of Registries of Spain of January 26, 1906.

We agree with the registrar that although the properties referred to are recorded in the name of the husband they should be considered as recorded in the name of the conjugal partnership, but we cannot agree with the conclusion which he draws from that fact.

Upon the death of a parent his ganancial property may be recorded directly in the names of his heirs without violating the provisions of article 20 of the Mortgage Law. This has been held repeatedly by the General Directorate of Registries of Spain. We quote as follows from its decision of March 27, 1892.

''In its decisions of the 3rd and 6th of July, 1863, this Directorate laid down the doctrine that a record in the name of the father is sufficient when it is sought to record the ganancial property of the mother in the names of their children.

''The two decisions cited and that of January 22, 1886, are based on the legal presumption that whatever is acquired by the spouses during wedlock for a valuable consideration is considered as acquired by the conjugal partnership, and, therefore, although only the name of the acquiring spouse figures in the record, it is understood that the property is recorded in the name of said community; hence it follows that there is no violation of article 20 of the Mortgage Law or of article 34 of its regulations in recording in the names of the children and heirs of the spouses the property which was undoubtedly recorded in the names of the ancestors.''

As to the necessity of liquidating the conjugal partnership prior to the recording of the hereditary rights, we are of the opinion that the decision of the General Directorate of Registries of Spain of January 26, 1906, cited by the registrar goes too far. The Directorate limits its settled rule

that "in order to record a simple hereditary right it is sufficient to present the will or the order of designation of intestate heirs" to a case where the ancestor had died single or a widower. The rule has been applied also to a case where the ancestor died while married, and in our opinion there is no good reason for changing it.

The simple hereditary right is what is recorded. The rights to the succession of a person are transmitted from the moment of his death. In this case Federico Ortiz y Ortiz had recorded in his name in the registry several properties which he had acquired while married to Amalia Matilde García. He died, and at the very moment of his death his rights passed to his succession. By means of an authentic document it appears who are the persons that compose his succession. All that belonged to the deceased now belongs to his heirs and to make the record show that fact it is not an indispensable requisite that the conjugal partnership be liquidated. See *Estate of Dávila* v. *Registrar of Property,* 15 P. R. R. 652, and *Chiqués* v. *Registrar of Caguas, ante,* p. 85. It is true that in this case the application for the record makes no reference to ganancial property and apparently asks for the record of all of the properties in the names of the heirs, but taking into account what appears from the registry, the registrar could limit himself to recording what the registry shows to belong to the ancestor of the applicants, that is, one-half of the properties, the record being subject to the result of the liquidation of the conjugal partnership. See *Ríos* v. *Registrar,* 19 P. R. R. 708.

Our attitude should not be construed as encouraging the omission of the liquidation of the conjugal partnership. On the contrary, we recommend that the provisions of the law be followed. Experience shows that many suits arise for failure to comply fully or in time with the clear provisions of the Civil Code on the matter. When the conjugal partnership is dissolved its liquidation should be made immediately or as soon as possible. The record which may be

then made in the registry will not be in general terms, but will be specific and special and this will redound to the benefit of the interested parties.

By virtue of all of the foregoing we are of the opinion that the decision appealed from should be reversed and that the record sought should be made in the manner herein indicated.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.